## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH RODDY, JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION " "** |
| **COOPER/T. SMITH STEVEDORING COMPANY, INC.** | **JUDGE:** |
| | **MAG:** |
| | **JURY TRIAL REQUESTED** |

### COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, JOSEPH RODDY, JR., who respectfully represents:

### I. PARTIES

1.      Plaintiff, JOSEPH RODDY, JR. (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Jones Act, 46 USC Section 30104, with pendent and/or ancillary state claims and/or alternative claims under the General Maritime Law and/or Louisiana Civil Code Article 2315, 2317, and/or 2317.1. Plaintiff is a person of majority age residing in the State of Louisiana, Ascension Parish.

2.      Made Defendant herein is COOPER/T. SMITH STEVEDORING COMPANY, INC. (hereinafter referred to as "Defendant" or "COOPER/T. SMITH"), a business corporation, which, at all times pertinent hereto, was authorized to do and doing business in the State of Louisiana and this judicial district.

3.      At all material times, Defendant, COOPER/T. SMITH, was the lessee, owner, owner *pro hac vice,* and/or operator of the vessel or fleet of vessels involved herein and employed Plaintiff at the time of the incident made the basis of these proceedings.

## II. JURISDICTION

4.      Jurisdiction exists in this Honorable Court pursuant to the Jones Act, 46 U.S.C. Section 30104 and/or General Maritime Law.

5.      At all times relevant herein, Plaintiff was an employee of the Defendant and was a seaman and member of the crew of the vessel or fleet of vessels owned by Defendant.

## III. FACTS AND GENERAL ALLEGATIONS

6.      At all times relevant herein, Plaintiff was employed by COOPER/T. SMITH and was assigned to the COOPER/T. SMITH vessel AMERICA (hereinafter "AMERICA") in the capacity of oiler/deckhand. In that capacity, Plaintiff was essential to the mission and purpose of the vessel and assisted in the maintenance and operations of the vessel, including but not limited to maintenance, handling lines and/or cables to secure the vessel and/or vessel(s), and performing cleaning duties. At all times relevant herein Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of the AMERICA and/or the fleet of vessels operated and owned by COOPER/T. SMITH in navigable waters of the State of Louisiana.

7.      On September 21, 2017, while aboard the AMERICA, Plaintiff, through the negligence of COOPER/T.SMITH, and/or through the unseaworthiness of the AMERICA, was caused to sustain severe and permanent injuries to his mind and body including, but not limited to, injuries to his right leg, hip, and lower back, depression, anxiety, and post-traumatic stress disorder.

8.      Immediately before the incident made the basis of litigation, the trolley crane aboard the AMERICA was shut down for maintenance of the conveyor flights, which were not operating properly. The shut-in procedure required and/or should have required that the

2

mechanic aboard the AMERICA shut off the electrical power to the trolley crane and conveyor flights so that the equipment could not move during maintenance operations.

9.      Plaintiff, while acting in the course and scope of his employment and while following his immediate supervisor's instructions, was removing the conveyor cover to perform work on the inactive trolley crane when, without warning, the crane operator and/or mechanic re-started the trolley crane.  The trolley's sudden movement caught Plaintiff's right foot and/or leg and rapidly pulled it under the crane, ripping and completely detaching Plaintiff's skin from the underlying muscle and tendon tissue and fracturing his fibula. Plaintiff further sustained severe back and hip injuries.

10.      Plaintiff required immediate medical attention; however, the AMERICA was not equipped with a device (personnel basket) to transfer Plaintiff from his location on the vessel to a crew boat. Consequently, it took approximately 2 hours to locate a personnel basket to transfer Plaintiff from the AMERICA to a crew boat and then to shore for medical treatment. During the two hours following his initial injury, Plaintiff bled profusely and feared that he would bleed to death.

11.      COOPER/T. SMITH failed to provide Plaintiff safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate and properly trained crew; required Plaintiff to perform his duties under unsafe conditions; and committed other acts of negligence which will be shown at the trial of this matter.

12.      Plaintiff requests that COOPER/T. SMITH preserve all evidence regarding the claim and immediately produce for inspection the AMERICA, its appurtenances and equipment, as well as photographs, video, logs, records, and/or documents involved herein and relevant hereto.

3

13.     As a result of this incident, Plaintiff sustained severe and permanent injuries, the extent of which are not yet fully known, to his mind and body, including but not limited to severe injuries to his right leg, hip, and back, severe depression, anxiety, and post-traumatic stress disorder ("PTSD"), which conditions and/or injuries have required, and will continue to require in the foreseeable future, extensive medical treatment, including, but not limited to, surgical intervention, physical therapy, medications, and psychotherapy.

14.     At all times relevant hereto, Plaintiff was employed by COOPER/T. SMITH to perform work on a vessel or fleet of vessels, operated and/or owned by COOPER/T. SMITH.

15.     COOPER/T. SMITH owed Plaintiff a non-delegable duty to provide a safe place to work and/or a safe and seaworthy vessel, which duties were breached.

16.     The incident describe hereinabove and resulting severe injuries to Plaintiff were caused by the negligence of COOPER/T. SMITH in failing to provide Plaintiff with a  safe work environment free of unreasonably dangerous hazards aboard its vessel(s).

## IV.  CAUSES OF ACTION

### FIRST COUNT – JONES ACT NEGLIGENCE

17.     Plaintiff brings this action against Defendant COOPER/T. SMITH under the provisions of the statutes of the United States, more particularly the Jones Act, Title 46 Section 30104 *et. seq.* of the United States Code.

18.     Under the Jones Act, COOPER/T. SMITH owed Plaintiff a safe place to work, which duty was violated through the negligence of COOPER/T. SMITH, its officers, agents and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

### SECOND COUNT – GENERAL MARITIME LAW UNSEAWORTHINESS

19.     While reiterating and realleging each and every preceding allegation, Plaintiff

4

additionally and/or alternatively alleges that COOPER/T. SMITH is liable to Plaintiff under the General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, and appurtenances.

20.     Plaintiff further contends that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, COOPER/T. SMITH's failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and adequate training, and/or failure to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused and/or exacerbated the injuries sustained by Plaintiff.

### THIRD COUNT – GENERAL MARITIME LAW MAINTENANCE & CURE

21.     While realleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that COOPER/T. SMITH is liable for maintenance and cure under General Maritime Law.

22.     At the time of the incident and injuries to Plaintiff made the basis of this litigation, Plaintiff was assigned to, at the call of, and/or in the service of the AMERICA.

23.     Plaintiff was at work, actually performing work on the vessel for his employer, COOPER/T. SMITH, and earning wages and, subsequent to the injuries sued upon herein, Plaintiff has had to seek extensive medical attention and has been unable to work.

24.     Plaintiff is entitled to a reasonable maintenance rate from the date of his injury until he reaches maximum medical improvement.

25.     Plaintiff is entitled to cure in the form of medical treatment from a physician, physicians, therapist, or other medical providers of his choosing until he reaches maximum

medical improvement.

## FOURTH COUNT – 905(B)

26.     While re-alleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that Defendant, as owner of the vessel(s) involved herein, is liable for negligence under 33 U.S.C. 905(b).

27.     Defendant owned, operated, and controlled the vessel(s) implicated herein, and as owner, Defendant had a duty to exercise reasonable care to prevent injuries to Plaintiff while he worked in areas which remained under the active control of the vessel, and/or Defendant had a duty to intervene and protect Plaintiff from hazards and/or unsafe operations known to Defendant. Defendant breached its duties to Plaintiff and said breach had a causative relationship to Plaintiff's injuries.

28.     At all times relevant herein, the captain(s) of the AMERICA were in control of the vessels, their work area, and its tow, and had a duty to keep the work areas free from hazards and/or dangerous conditions, and/or stop any dangerous operations of which they were aware. The captains of the vessel(s) acted negligently in the operations of the vessel(s) and/or failed to intervene in the known unsafe operations taking place aboard the vessel(s); this failure had a causative relationship to Plaintiff's injuries.

## FIFTH COUNT – LOUISIANA STATE LAW NEGLIGENCE

29.     While realleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that COOPER/T. SMITH is liable for negligence under Louisiana Civil Code Articles 2315, 2317, and/or 2317.1, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

30.     Plaintiff further contends that COOPER/T. SMITH was negligent and responsible for all damages claimed herein.

31.     COOPER/T. SMITH had a duty to provide Plaintiff with the following non-exclusive particulars regarding Plaintiff's work as a crew member of the AMERICA:

(a)        a safe place to work;

(b)        safe and sufficient gear and/or appurtenances with which to perform his duties;

(c)        proper safety equipment;

(d)        a sufficient and or competent crew to supervise Plaintiff's activities; and,

(e)        appropriate training.

32.     COOPER/T. SMITH breached its duty to Plaintiff by requiring him to perform his duties without providing safe and sufficient gear and/or appurtenances, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other shortcomings which caused an unsafe place to perform Plaintiff's duties.

33.     COOPER/T. SMITH's breach of its duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

34.     The incident and injuries to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duty attributed to COOPER/T. SMITH, which was breached.

35.     As a direct result of COOPER/T. SMITH's breach of its duty to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body, including, but not limited to, his lower back, buttocks, left wrist, and tongue.

## V.  DAMAGES

36.     Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has

7

sustained damages, for which COOPER/T. SMITH is liable, as follows:

    a.    Past, present, and future loss of wages, fringe benefits and wage-earning capacity;

    b.    Past, present, and future medical expenses;

    c.    Past, present, and future physical pain and suffering;

    d.    Past, present, and future mental pain and suffering;

    e.    Permanent disability;

    f.    Loss of enjoyment of life;

    g.    All other special and general damages as will be shown at the trial of this matter.

37.    Plaintiff, as set out hereinabove, was injured while performing work as a seaman and member of the crew of a vessel or fleet of vessels, in the employment of COOPER/T. SMITH and sustained the injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such time as Plaintiff has in fact reached maximum cure.

## VII.  PRAYER FOR RELIEF

38.    **WHEREFORE**, Plaintiff prays for a trial by jury and for judgment herein in his favor and against Defendant, COOPER/T. SMITH STEVEDORING COMPANY, INC. for damages as are reasonable in the premises and for all taxable costs and interest as allowed by law.

39.    Plaintiff further prays for any additional general and equitable relief.

Dated:  July 3, 2018        All of which is respectfully submitted,

                */s/ Hugh P. Lambert*
                **HUGH P. LAMBERT, T.A. (LA Bar #7933)**
                **CAYCE C. PETERSON, ESQ. (LA Bar #32217)**
                **JACKI L. SMITH, ESQ. (LA Bar #34769)**
                **BRIAN C. MEARS, ESQ. (LA Bar #35909)**
                **The Lambert Firm, PLC**
                **701 Magazine Street**

**New Orleans, Louisiana 70130**
**T: (504) 581-1750; F: (504) 529-2931**
**hlambert@thelambertfirm.com**
**cpeterson@thelambertfirm.com**
**jsmith@thelambertfirm.com**
**bmears@thelambertfirm.com**

*Counsel for Plaintiff, Joseph Roddy, Jr.*